474 A.2d 332

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Janet HAUCK.**

Superior Court of Pennsylvania.

Submitted Feb. 9, 1984.

Filed April 6, 1984.

462

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

John L. Doherty, Pittsburgh, for appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

PER CURIAM:

The Commonwealth appeals from the order of March 3, 1982 granting appellee's motion to dismiss indictment.

The record, pursuant to a stipulation of facts, indicates that appellee, while employed as a barmaid in an establishment which provided an electronic draw poker machine, "paid off" a liquor control agent and local police officer who had won free games on said machine. Appellee was also

observed "paying off" other players of the machine. The machine was of the same type as discussed in *Commonwealth v. One Electro-Sport Draw Poker Machine,* 297 Pa.Super. 54, 443 A.2d 295 (1981), *rev'd Commonwealth v. Two Electronic Poker Game Machines,* 502 Pa. 186, 465 A.2d 973 (1983).

Appellee was subsequently charged with violating 18 Pa.C.S. § 5513(a)(1) and (2)[1] regarding gambling devices. The trial court granted the motion to dismiss based on the decision in *Commonwealth v. One Electro-Sport Draw Poker Machine, supra,* which held such a gambling machine not to be a gambling device *per se.* That appeal was from an order granting a motion for the return of property, pursuant to the confiscation of the machine, as permitted by 18 Pa.C.S. § 5513(b).[2]

The instant appeal is from criminal charges arising from subsections (a)(1) and (2) of that section, which are *not* based on whether the machine was a gambling device *per se,* but on appellee's conduct.

Under these circumstances, it was error to grant the motion to dismiss the charges, as section 5513(a)(1) and (2) contain no requirement that the device to be used for gambling purposes be a gambling device *per se.* In any event, our Supreme Court has recently held that the ma-

---

1. **§ 5513. Gambling devices, gambling, etc.**

    **(a) Offense defined.**—A person is guilty of a misdemeanor of the first degree if he:

    (1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards:

    (2) allows persons to collect and assemble for the purpose of unlawful gambling at any place under his control;

    .    .    .    .    .

2. **Section 5513(b) sets forth:**

    **(b) Confiscation of gambling devices.**—Any gambling device possessed or used in violation of the provisions of subsection (a) of this section shall be seized and forfeited to the Commonwealth. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of intoxicating liquor shall apply to seizures and forfeitures under the provisions of this section.

chine in *Commonwealth v. One Electro-Sport Draw Poker Machine, supra, was* a gambling device *per se. See Commonwealth v. Two Electronic Poker Game Machines, supra.*

Order reversed.